**United States District Court**
**District of Massachusetts**

```
_____
                               )
FRANCIS J. SAMPSON, JR.,       )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )
U.S. BANK N.A. AS TRUSTEE,     )   Civil Action No.
SUCCESSOR IN INTEREST TO BANK OF )  15-11064-NMG
AMERICA, N.A., SUCCESSOR IN    )
INTEREST BY MERGER TO LASALLE  )
BANK, N.A., AS TRUSTEE FOR WAMU )
PASS THROUGH CERTIFICATES,     )
SERIES 2007-OA4 TRUST,         )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Here we have a case involving a dispute over the legality of a scheduled foreclosure of a residential property. Plaintiff Francis J. Sampson, Jr. ("Sampson") brought suit in Massachusetts state court against defendant U.S. Bank N.A. as Trustee, Successor in Interest to Bank of America, N.A., Successor in Interest by Merger to LaSalle Bank, N.A., as Trustee for WaMu Pass-Through Certificates, Series 2007-OA4 Trust ("U.S. Bank") seeking, <u>inter alia</u>, a declaratory judgment that U.S. Bank lacks authority to exercise a "power of sale" foreclosure under M.G.L. c. 244, § 14.

-1-

Defendant promptly removed the case to this Court and moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, that motion will be allowed.

## I.   <u>Factual Background</u>

In March, 2007, Sampson purchased residential property at 85 Heritage Lane, Duxbury, Massachusetts ("the Property").  In conjunction with the purchase, Sampson borrowed $432,000 secured by a promissory note ("the Note") from Washington Mutual Bank ("WaMu").  Sampson granted WaMu a mortgage ("the Mortgage") on the Property to secure the Note (together, "the mortgage loan"). In April, 2007, WaMu sold the underlying mortgage loan and other assets to the Washington Mutual Mortgage Pass-Through Certificates, Series 2007-OA4 Trust ("the Trust").  WaMu endorsed the Note in blank which has since been in possession of the Trust.  WaMu continued, however, to hold the Mortgage itself.

In September, 2008, WaMu failed as an institution and the Federal Deposit Insurance Corporation ("the FDIC") was appointed receiver over its remaining assets.  The FDIC then sold all WaMu assets to JPMorgan Chase Bank N.A. ("JPMorgan"), which in May, 2010, assigned the Mortgage to the Trust.  At that time, Bank of America served as trustee of the Trust.  In April, 2013, defendant U.S. Bank succeeded Bank of America as trustee.

-2-

After the economic downturn of 2008, Sampson fell behind on his mortgage payments.  Eventually, Sampson was notified by the Trust that it intended to utilize the "power of sale" foreclosure remedy made available to mortgagees under M.G.L. c. 244, § 21 in March, 2014.  Pursuant to M.G.L. c. 184, § 18, the Trust sent Sampson a Notice of Auction Sale ("the Notice of Sale") in July, 2014, with an intended auction sale date of March 24, 2015.  The foreclosure sale has yet to occur.

## II.  Procedural History

On March 19, 2015, five days before the scheduled auction sale of the Property, Sampson brought the subject suit against U.S. Bank in the Massachusetts Superior Court for Plymouth County. In a three-count complaint, Sampson seeks 1) declaratory judgment that defendant lacks the authority to enforce the power of sale under M.G.L. c. 244, § 14, 2) damages for wrongful foreclosure pursuant to § 14 and 3) damages for slander of title against JPMorgan which was not named as a party in the subject suit or served with process.

U.S. Bank timely removed the suit to this Court in March, 2015, based on diversity jurisdiction.  Plaintiff is a Massachusetts resident while U.S. Bank is a national bank with a principal place of business in Cincinnati, Ohio and serves as trustee of a Delaware trust.

In April, 2015, defendant moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff opposes the motion.

### III. **Defendant's Motion to Dismiss**

#### A. **Legal Standard**

To survive a 12(b)(6) motion to dismiss, a pleading must contain a claim to relief that is "plausible", not just a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A district court assesses a complaint's sufficiency in two steps. Manning v. Boston Medical Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  First, a court ignores conclusory allegations mirroring legal standards. Id. Second, it accepts the remaining factual allegations as true and draws all reasonable inferences in the plaintiff's favor, thereafter deciding if the plaintiff would be entitled to relief. Id.  A court may also consider documents attached to or incorporated in the complaint and other undisputed documents. Wilborn v. Walsh, 584 F. Supp. 2d 384, 386 (D. Mass. 2008).

#### B. **Application**

##### 1. **Claims predicated on Wrongful Foreclosure (Counts I and II)**

Sampson avers that M.G.L. c. 244, § 14 bars U.S. Bank as trustee of the Trust from enforcing its power of sale in the

Mortgage now within the trust corpus.  In order to be entitled
to either declaratory relief or damages, Sampson must plausibly
claim that U.S. Bank lacks authority to carry out the
foreclosure under the subject statute. See U.S. Bank Nat'l Ass'n
v. Ibanez, 458 Mass. 637, 647 (2011).  According to the plain
language of the statute, U.S. Bank had such authority only if it
was the mortgagee at the time the Notice of Sale was issued in
July, 2014. Id. at 648 (citing In re Schwartz, 366 B.R. 265, 269
(Bankr. D. Mass. 2007)).  Thus, to survive the bank's motion
under Fed. R. Civ. P. 12(b)(6), Sampson's complaint must include
a plausible claim that U.S. Bank was not the valid mortgagee in
July, 2014.

Sampson has offered nothing beyond conclusory allegations
of law in support of this claim.  Moreover, the facts of the
case, even after drawing all reasonable inferences in Sampson's
favor, render less than plausible the claim that the Trust was
not the valid mortgagee and thus did not have authority to
foreclose on the mortgage loan in July, 2014.

The Trust was the proper mortgagee if it held both the
Mortgage and the Note, or acted on behalf of the Note holder.
Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 571 (2012).  In
Massachusetts, the Mortgage and Note may travel independently of
one another. Id. at 576.  The Trust has been the possessor of
the Note since it was endorsed in blank by WaMu in April, 2007.

-5-

WaMu's blank endorsement makes the Note payable to the present possessor. M.G.L. c. 106, § 3-205(b). Therefore, the Note is now payable to the Trust through transfer of possession. Sampson's contention that the Note is not a legal asset of the Trust is thus not plausible on its face.

Ultimately, Sampson's claim for relief is predicated principally on his contention that the Trust did not validly hold the Mortgage securing the Note in July, 2014. Sampson contends that WaMu's sale of the mortgage loan to the Trust in April, 2007 invalidated the subsequent transfer of the actual Mortgage to the FDIC. That argument, however, relies on a fundamental misunderstanding of mortgage conveyances. Initially, WaMu remained the record holder of the Mortgage until its failure in September, 2008, at which time the Mortgage and all other WaMu assets came under FDIC receivership and promptly were sold to JPMorgan. JPMorgan properly assigned the Mortgage to the Trust in May, 2010, when Bank of America was trustee. Defendant U.S. Bank then succeeded Bank of America as trustee.

Because each transfer of the Mortgage was valid, plaintiff's claims asserting a wrongful foreclosure are without merit. The Court will address more fully each transfer of the Mortgage.

### i.   FDIC receivership

Applicable federal and Massachusetts law support the validity of the transfer of the Mortgage to FDIC receivership. When WaMu first separated the Note from the Mortgage by assigning the Note to the Trust, it held the Mortgage in equitable trust for the benefit of the Trust. Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 293 (1st Cir. 2013); Eaton, 462 Mass. at 577-78.  The FDIC's receivership of WaMu occurred under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821, which precludes any claim related to any act or omission of a failed financial institution. Demelo v. U.S. Bank Nat'l Ass'n, 727 F.3d 117, 122 (1st Cir. 2013).  Moreover, FIRREA empowers the FDIC to

> transfer any asset or liability of [a failed financial institution] . . . without any approval, assignment, or consent with respect to such transfer[,]

effectively exempting this transfer from applicable Massachusetts requirements. Id. at 125 (citing 12 U.S.C. § 1821(d)(2)(G)(i)(II)).  Sampson thus fails plausibly to assert that the FDIC's receivership occurred outside of the lawful process.

### ii.   The FDIC's sale to JPMorgan

Next, Sampson raises various claims about JPMorgan's subsequent purchase of WaMu's assets and liabilities, including the Mortgage, from the FDIC.  However, most of these claims are

bare conclusions of law and those which contain factual allegations do not give rise to a claim for wrongful foreclosure.  Federal courts have repeatedly rejected contentions that JPMorgan somehow failed to acquire mortgages held by WaMu when it purchased WaMu's assets from the FDIC. See, e.g., Lomely v. JPMorgan Chase Bank, 2012 WL 4123403, at *4 (N.D. Cal. Sept. 17, 2012).  Likewise, in parallel cases involving WaMu mortgages that came under the service of JPMorgan through the same series of transactions as in the instant case, federal courts have allowed foreclosures to proceed. See, e.g., Garand v. JPMorgan Chase Bank, 532 F. App'x 693, 695 (9th Cir. 2013).  Thus, Sampson has not stated a claim upon which relief can be granted through his assertions pertaining to the FDIC's sale of the Mortgage to JPMorgan.

### iii.  JPMorgan's assignment to the Trust

In May, 2010, JPMorgan assigned the Mortgage to the Trust. Sampson fails to proffer any facts disputing the validity of that final assignment of the Mortgage by JPMorgan to the Trust. Thus, the Court has no reason to presume that this final step in the chain of transfers of the Mortgage was invalid or that the Trust did not become the lawful holder of the Mortgage in May, 2010.

The Trust, therefore, as holder of the Mortgage and Note at the time of the Notice of Sale was a mortgagee with proper

-8-

authority to exercise the power of sale under Massachusetts law. See Ibanez, 458 Mass. at 647.

### 2. Slander of Title claim (Count III)

Sampson's complaint also includes a slander of title claim against JPMorgan.  JPMorgan is not, however, named as a defendant in this case.  Thus, the Court lacks jurisdiction over that claim and it will be dismissed. See Saykin v. Donald W. Wyatt Det. Ctr., 2008 WL 2128059, at *2 (D.R.I. May 20, 2008).

**ORDER**

For the foregoing reasons, defendant's motion to dismiss (Docket No. 12) is **ALLOWED.**

**So ordered.**

                                    /s/ Nathaniel M. Gorton_____
                                    Nathaniel M. Gorton
                                    United States District Judge
Dated July 24, 2015